CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 17 2019

JULIA C. DUDLEY, CLERK
BY:
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| RANDY SANCHEZ, JR., | ) | CASE NO. 7:19CV00491 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| | ) | |
| ICA AGENCY, ET AL., | ) | By: Glen E. Conrad |
| | ) | Senior United States District Judge |
| Defendants. | ) | |

Randy Sanchez, Jr., a Virginia inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983, complaining that he has been held in solitary confinement for weeks and has been denied access to a prison program. Upon review of the record, the court concludes that the action must be summarily dismissed for failure to exhaust administrative remedies.

Sanchez alleges that after he received a non-violent institutional disciplinary charge, he was placed in solitary confinement on June 3, 2019, and officials have refused to allow him to participate in the "Step Down Program." Compl. 2, ECF No. 1. He contends that these alleged violations constitute "discrimination against [his] race." Id. In his § 1983 complaint, executed on July 3, 2019, Sanchez names as the defendants: "ICA Agency [and] Wallens Ridge State Prison." Id. at 1. As relief, he seeks compensatory damages at the rate of $100 per day that he has been, or remains, in solitary confinement.

The Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), mandates that a prisoner cannot bring a civil action concerning prison conditions until he has first exhausted available administrative remedies at the prison. See Ross v. Blake, 136 S. Ct. 1850, 1856 (2016). To comply with § 1997e(a), an inmate must follow each step of the established grievance procedure that the facility provides to prisoners and meet all its deadlines before filing his § 1983 action.

See Woodford v. Ngo, 548 U.S. 81, 90-94 (2006). Regardless of whether or not the particular form of relief the inmate desires is available under the administrative procedure, he must, nevertheless, exhaust properly all available remedies under that procedure before bringing a civil action in this court. Porter v. Nussle, 534 U.S. 516, 524 (2002). "A court may sua sponte dismiss a complaint when the alleged facts in the complaint, taken as true, prove that the inmate failed to exhaust his administrative remedies." Custis v. Davis, 851 F.3d 358, 361 (4th Cir. 2017).

The § 1983 complaint form that Sanchez used to file this case includes this question: "Have you filed any grievances regarding the facts of your complaint?" Compl. 1, ECF No. 1. In response, Sanchez checked "No." Id. He states, "Time spent in solitary confinement can[not] be resolved by grievance." Id. In a later submission, he states, "If I put in an Informal Complaint about the 58 days [I have spent in solitary] the prison cannot compensate for the 58 days through the Informal Complaint. If I file a Grievance it will be the same result. And if I file an Appeal in regards to my Grievance, it will be the same result. Therefore, I have automatic merit to file a 1983." Add. Evid. 1, ECF No. 7.

Sanchez believes that if administrative remedies cannot procure him the relief he seeks through this lawsuit, he need not exhaust those remedies. He is mistaken. The exhaustion requirement under 42 U.S.C. § 1997e(a) is "mandatory." Ross, 136 S. Ct. at 1856. The inmate must utilize every level of the available administrative remedies procedure before filing his lawsuit, whether or not that procedure provides for the form of relief he seeks in that lawsuit. Porter, 534 U.S.at 524. In enacting the exhaustion requirement, "Congress afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case" about them. Id. Sanchez's failure to exhaust has deprived Wallens Ridge officials

of that opportunity to solve his problem without a federal lawsuit.

The court finds it clear from the face of Sanchez's submissions that he did not satisfy the exhaustion requirement under § 1997e(a) before filing this case. For that reason, the court will dismiss the case without prejudice. Such a dismissal leaves Sanchez free to refile his claim after he <u>has</u> exhausted available administrative remedies as required by law.[1] An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to the plaintiff.

ENTER: This 17th day of October, 2019.

/s/ Jby Conrad
Senior United States District Judge

---

[1] The court also finds that Sanchez's complaint fails to state any actionable § 1983 claim against the defendants he has named. Section 1983 permits an aggrieved party to file a civil action against a <u>person</u> for actions taken under color of state law that violated his constitutional rights. See <u>Cooper v. Sheehan</u>, 735 F.3d 153, 158 (4th Cir. 2013). Neither of the defendants Sanchez has identified qualifies as a <u>person</u> subject to being sued under § 1983. Thus, if Sanchez decides to refile his claim, he must name a person or persons as defendant(s) and state facts about what each of them has done to violate his constitutional rights. See <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 676 (2009) ("[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution").

3